**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 02-1409

PEDRO J. MONTES; ELIZABETH QUINONES;
PEDRO MONTES-QUINONES; JOSUE MONTES-QUINONES,

Plaintiffs, Appellants,

v.

PONCE MUNICIPALITY; RAFAEL CORDERO SANTIAGO;
GILBERTO COLON-RODRIGUEZ; MARCO MORALES-BARBOSA;
RAMOS CRUZ-LOPEZ; JOSE M. GALARZA-CAPIELO,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO
[Hon. Jose Antonio Fuste, U.S. District Judge]

---

Before

Boudin, Chief Judge,

Seyla, Circuit Judge,

and Siler,[*] Senior Circuit Judge.

---

Jose R. Santiago Pereles, Santiago Pereles & Collazo, PSC, for appellants.
Leticia Casalduc-Rabell, Assistant Solicitor General, with whom Roberto J. Sanchez-Ramos, Solicitor General, was on brief, for appellees.

---

October 31, 2003

---

[*]Of the Sixth Circuit Court of Appeals, sitting by designation.

**SILER**, <u>Senior Circuit Judge</u>.  Plaintiff Pedro Montes appeals the district court's judgments on his various 42 U.S.C. § 1983 claims, and a jury verdict on his claim of excessive force.  We AFFIRM.

In 1999 in the City of Ponce, Puerto Rico, the police arrested Montes after he got into a heated argument with his neighbor.  According to Montes, the arresting officers kicked and punched him in the face repeatedly for over ten minutes.  The police took him to the nearest precinct where they put him in a three-foot by three-foot cell that smelled like a sewer.  Montes sued the City of Ponce, its Mayor Santiago, the Police Commissioner Rodriguez, and the three police officers effecting the arrest, asserting multiple constitutional violations under 42 U.S.C. § 1983.  His family joined his complaint asserting an emotional distress claim under Puerto Rico law.

At trial, after Montes presented his evidence, the district court granted judgment as a matter of law, pursuant to Fed. R. Civ. P. 50, for the City, Mayor, and Police Commissioner.  After the remaining police defendants countered with their evidence, the district court granted judgment as a matter of law against Montes's claims of (1) arrest without probable cause, (2) unlawful search and seizure, (3) unfit place of detention, and (4) failure to provide prompt medical attention.  The jury found for the police defendants on the excessive force claim.

Montes (and his family) filed a notice of appeal from the judgment entered on February 7, 2002; however, the notice made no mention of the February 5, 2002 judgment dismissing the City, Mayor, and Police Commissioner.

## Notice of Appeal

Since Montes's notice of appeal failed to mention the February 5, 2002 judgment dismissing the claims against the City, Mayor, and Police Commissioner, these defendants argue that this omission waived any appeal.

Fed. R. App. P. 3(c) requires that a notice of appeal "designate the judgment, order, or part thereof appealed from." Its requirements are to be construed liberally, and "mere technicalities" will not defeat appellate jurisdiction so long as the filing is the "functional equivalent." Blockel v. J.C. Penney Co., 337 F.3d 17, 23-24 (1st Cir. 2003). But First Circuit caselaw as to when to allow deviations from the strict requirements of Rule 3 has evolved in a case by case basis, and articulating a definite rule is difficult. Compare In re Spookyworld, Inc., --- F.3d ---, 2003 WL 22210065 (1st Cir. Sept. 25, 2003) with Blockel, 337 F.3d at 23-24. In this instance there is no doubt that this court has jurisdiction over the case in general – there was a timely appeal filed for at least one order – and with respect to the other order it turns out not to matter because the claim fails on the merits.

Because it fails so clearly, we find it easier to assume without deciding that the notice of appeal was adequate.

Montes's viable[1] claims on appeal challenge the judgments as a matter of law against him on (1) municipal and supervisory § 1983 claims against the City, Mayor, and Police Commissioner, (2) his conditions of confinement claim, and (3) his denial of medical treatment claim. He also asserts that the evidence did not support the jury's verdict against him on the excessive force claim.

### Conditions of Confinement

Montes makes a cruel and unusual punishment claim for his detention in a poorly ventilated small cell for seventeen hours. We review the judgment against Montes de novo, taking all evidence in the light most favorable to him. See Tang v. Rhode Island Dep't of Elderly Affairs, 163 F.3d 7, 11 (1st Cir. 1998). We may affirm if there was "no legally sufficient evidentiary basis for a reasonable jury" to find for Montes. Fed. R. Civ. P. 50(a).

Since pretrial detainees are not technically being punished, their protection for Eighth Amendment-type claims springs from the liberty component of the Fourteenth Amendment's Due Process Clause.

---

[1] Montes's family's claims under Puerto Rico tort law, and Montes's claims regarding the probable cause and unlawful search and seizure are never mentioned in his brief; thus, they are waived. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). Additionally, Montes's claim under Puerto Rico tort law for himself never appeared in his complaint, and we will not consider the issue raised for the first time on appeal. Rocafort v. IBM Corp., 334 F.3d 115, 121 (1st Cir. 2003).

See Burrell v. Hamshire County, 307 F.3d 1, 7 (1st Cir. 2002). No unconstitutional deprivation of liberty occurs unless the detainment amounts to punishment, which occurs when the condition is imposed for the purpose of punishment rather than some other legitimate reason. O'Connor v. Huard, 117 F.3d 12, 16 (1st Cir. 1997). We will uphold legitimate administrative purposes offered, unless there is "substantial evidence" it is an "exaggerated response" to some concern. Id.

The defendants' proffered explanation is that the small cell was the only cell located in the nearest precinct, and the police have a policy of taking the arrestee to the closest precinct. This policy serves a legitimate government interest in safely detaining a possibly dangerous arrested person as soon as possible. Montes offered no substantial evidence impeaching this reason. Given this uncontroverted rational explanation, the detainment did not constitute punishment. Therefore, the judgment as a matter of law on that issue is upheld.

### Medical Attention

Montes next complains about the lack of medical attention during his confinement. The Due Process Clause requires the government to provide medical care to pretrial detainees injured while being apprehended by the police. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990). Officials violate this requirement only if they exhibit "deliberate indifference" to

"serious medical needs." Id. A "serious" medical need is one diagnosed by a physician as mandating immediate treatment, or one that is "so obvious" that a layman would "easily" recognize the necessity for medical treatment. Id.

Montes's claim fails because he gave the lower court no evidentiary basis for a reasonable jury to find he had a "serious medical need." He had no cuts or bleeding. His own doctor testified that Montes only had swelling and some discoloration, and simply treated him with over-the-counter pain killers. Moreover, Montes was quite active in his cell, smashing the chair they had given him and pulling tiles off the walls.

In Gaudreault, we upheld a summary judgment against an injured detainee who only required a sling, an eye-patch and some disinfectant for abrasions. See 923 F.2d at 208. In that case, the detainee suffered a "blow out fracture of the right orbit, resulting in a deviated septum, a cyst in his sinus and some transient nerve damage." Id. at 209 (internal quotation marks omitted). Here, Montes's condition was significantly less serious because he only needed over-the-counter pain killers. Montes has failed to give any evidentiary basis for a reasonable jury to find a "serious medical need." Therefore, judgment as a matter of law was properly granted on that claim.

## Excessive Force

Montes next challenges the evidentiary basis for the jury's verdict finding no excessive force. Claims of excessive police force derive from the Fourth Amendment's prohibition against unreasonable seizures. The test for excessive force is whether the police actions were "objectively reasonable" given the circumstances, ignoring the officers' subjective intent. Bastien v. Goddard, 279 F.3d 10, 14 (1st Cir. 2002). Since the jury rendered a verdict for the police, we must affirm unless the evidence was "so strongly and overwhelmingly inconsistent with the [verdict] that no reasonable jury could have returned [it]." Crowley v. L.L. Bean, 303 F.3d 387, 393 (1st Cir. 2002). As part of this determination, we view the evidence in the light most favorable to the police and resolve all credibility issues in favor of the jury's verdict. Id.

The arrest occurred because Montes was attacking his disabled neighbor. The defense put on evidence that Montes screamed foul words and was drunk and "aggressive." The police testified that Montes attempted to assault one of them, and explained this turned the arrest into a struggle. Thus, the defense put forth evidence of reasons for the force used and evidence showing the lack of any serious injury. Since we must accept all this testimony as credible and view the evidence in the light most favorable to the

jury's verdict, we uphold the jury's finding that the officers' force was not excessive.

## Municipal and Supervisory Liability

Having found no underlying constitutional violation by the police, Montes's municipal and supervisory § 1983 claims against the City, Mayor, and Police Commissioner necessarily fail.  <u>See</u> <u>Wilson</u> v. <u>Town of Mendon</u>, 294 F.3d 1, 6-7 (1st Cir. 2002).

## CONCLUSION

We **AFFIRM** the district court on all claims.